FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 07 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL NAUGHTON,

                  **MEMORANDUM & ORDER**

           Plaintiff,

      -against-                      12-CV-866 (SLT) (LB)

YVETTE V. DUDLEY, ESQ.,

           Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION

**TOWNES, United States District Judge:**

Pro se plaintiff Michael Naughton filed this fee-paid complaint on February 22, 2012, against the lawyer who represented him in a pending civil action in Kings County. Plaintiff paid the requisite filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## I. BACKGROUND

The Complaint alleges that Defendant Yvette Dudley was hired to represent Plaintiff in a civil action in the New York Supreme Court, Kings County. Plaintiff alleges that Defendant provided inadequate representation during the four years that she represented him and "deliberately failed to act or take action...which would have resulted in a favorable outcome for the plaintiff herein." (Complaint at 3.) Several exhibits attached to the Complaint appear to be copies of papers from the Kings County action, Michael Naughton, as Administrator of the Estate of Tariq Abdullah-El, a/k/a Duval H. Naughton, et al. v. Duval H. Naughton Jr., et al. (Complaint at 19-66.) Plaintiff states that the action remains pending. (Complaint at 3.)[1] He

---

[1] A search of the internet database for the New York State Unified Court System confirms that Index #35280/2007 remains pending in the New York Supreme Court, Kings County. See http://iapps.courts.state.ny.us/webcivil/FCASMain (Last visited 3/1/12).

alleges that he terminated the representation by Defendant, but that she "does not want to release the file to the plaintiff." (Complaint at 5.) Plaintiff alleges that Defendant's actions violated his constitutional rights. (Complaint at 6.)

Plaintiff has also attached copies of an action he apparently filed simultaneously against the same defendant in the New York Supreme Court, Kings County. (Complaint at 10-18.) Plaintiff, acting pro se, previously filed a lawsuit in this Court regarding the underlying estate issue, while it was pending in state court. See Michael Naughton, as Administrator of the Estate of Tariq Abdullah-El, a/k/a Duval H. Naughton, et al. v. Duval H. Naughton Jr., et al., No. 11-CV-2865 (SLT)(LB) (E.D.N.Y. Sept. 28, 2011) (dismissed for lack of subject matter jurisdiction).

In the instant suit, Plaintiff demands compensatory damages of $1.5 million and unspecified punitive damages.

## II. STANDARD OF REVIEW

In reviewing Plaintiffs' filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id., at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally "a pro se complaint should not be dismissed

without granting the pro se plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)(per curiam).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction," Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009), and where "subject matter jurisdiction is lacking, the action must be dismissed," Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). See Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975); see also Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotations and citations omitted)).

The Complaint purports to invoke the jurisdiction of the Court "pursuant to title 28 U.S.C. Section 2201 and 2202 of Chapter 151, 155 and 159" and "28 U.S.C. Section 1331 (3) and (4)." (Complaint at 1-2.) None of these alleged bases for this Court's jurisdiction is availing. The Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, "does not by

3

itself confer subject matter jurisdiction on the federal courts." Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. 2006). "There must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." Id.

Plaintiff's allegation that his constitutional rights have been violated could be cognizable under 42 U.S.C. § 1983. However, to assert a § 1983 claim, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). In this case, the only Defendant appears to be a private attorney, acting in a purely private capacity. Plaintiff has not alleged that Defendant was performing a "public function", engaged in conduct that is "fairly attributable to the state," or engaged in joint participation with state actors. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974) (describing the public function theory of state action); Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) (describing state action where the conduct of private individuals was fairly attributable to the state); Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 941 (1982) (describing the joint participation theory of state action). As there is no basis for liability pursuant to Section 1983, and as Plaintiff has not established any other basis for federal subject matter jurisdiction over the action, all claims against Defendant must be dismissed.

### B. Younger Abstention

Even if the Court had jurisdiction over Plaintiffs' claims, it would not intervene in an ongoing state court proceeding. Plaintiff's instant claims appear to arise from a dispute with the

attorney who formerly represented him in pending proceedings in New York State courts. See Index #35280/2007. Moreover, it appears that Plaintiff has recently filed a separate state court action against the attorney. (Complaint at 10-18.)

The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), and its progeny preclude federal courts from enjoining ongoing state proceedings. Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100 (2d Cir. 2004). Younger abstention is mandatory when three conditions are met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002). The Younger abstention conditions are met in this case. First, state court proceedings are still ongoing. The next appearance of the parties in that case is scheduled on March 7, 2012, and a motion remains pending before that court. Plaintiff's instant challenge to the adequacy of his counsel's representation in that matter appears to arise from his disappointment with the preliminary outcome in that case. This Court could not interfere in the pending state litigation to consider the performance of counsel, even if it otherwise had jurisdiction to do so. Moreover, the underlying litigation involving intestate distribution, the ownership of real property, and mortgage and foreclosure proceedings are matters rightfully reserved for state courts. Investigations into attorney-client disputes in state court proceedings should be left to the state courts. Finally, to the extent that Plaintiff could assert any federal constitutional claims, these may be raised in the pending proceedings or in state appellate courts, or in the parallel state litigation that he appears to have already filed.

## CONCLUSION

For the reasons set forth above, the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court shall close this case and enter judgment. Although plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 7, 2012